UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK W. WILLIAMS | CIVIL ACTION NO. 6:13-2144 |
| VERSUS | JUDGE DOHERTY |
| MICHAEL C. COLWART, ET AL. | MAGISTRATE JUDGE HILL |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff, Patrick W. Williams ("Williams"), filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 in a local state court.  The case was removed by the defendants, Sixteenth Judicial District Public Defender Michael Craig Colwart ("Colwart") and the Sixteenth Judicial District Public Defender's Office (the"Public Defender's Office"), on June 27, 2013.[1]  [rec. doc. 1].  Thereafter, the defendants filed a Motion to Dismiss [rec. doc. 3], to which Williams has filed Opposition. [rec. doc. 9]. Judge Doherty referred the Motion to the undersigned for Report and Recommendation. [rec. doc. 5].

For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with  28 U.S.C. § 1915A(b)(1) and, alternatively, that the defendants' Motion to Dismiss [rec. doc. 3] be **GRANTED** on grounds that Williams has failed to state a claim for which relief may be granted**.**

---

[1] The undersigned notes that Williams could not have filed his suit in *forma pauperis* in this Court because he has been sanctioned pursuant to 28 U.S.C. § 1915(g) for having filed at least three prior lawsuits which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  *See Williams v. Cain*, 3:04-cv-872 (M.D. La. 8/23/05); *Williams v. Pfizer*, 3:05-cv-43 (M.D. La.), *aff'd,* No. 05-30532 (5th Cir.  03/17/06); *Williams v. Cain*, 3:06-cv-870 (M.D. La. 11/14/06); *Williams v. Sheriffs Department Iberia Parish*, 6:04-cv-2619 (W.D. La. 03/23/05)

## Law and Analysis

The defendants have filed a Motion to Dismiss. Williams opposes the motion on the grounds that he has not had an opportunity to engage in discovery, under 28 U.S.C. § 1915A. However, this Court is obligated to evaluate the complaint and dismiss it without service of process or discovery, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief *before* discovery. 28 U.S.C. § 1915A; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *see also* 42 U.S.C. § 1997e(c)(1) (directing the district court to dismiss, on its own motion "any action brought with respect to prison conditions under section 1983 . . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."). The screening provisions of § 1915A "appl[y] regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz*, 160 F.3d at 274.

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief

that is plausible on its face." *Green v. Revel*, 413 Fed. Appx. 698, 699 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Williams has set forth specific facts which he claims entitles him to the requested relief and he has pleaded his best case. The facts alleged by Williams have been accepted as true for the purposes of this Report. Nevertheless, Williams' claims are subject to dismissal for the reasons that follow.

**Non-State Actor**

As the defendants correctly argue in their Motion to Dismiss, to the extent that Williams seeks money damages from his court-appointed public defender, Michael Craig Colwart, Williams has failed to state a claim upon which relief may be granted. To prevail on a civil rights claim, an inmate must prove that a "person" acting under color of law, deprived him of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

The under "color of law" requirement, requires that the defendant in a § 1983 action be a state actor, that is, he must have committed the complained-of acts in the course of the performance of his duties and have misused the power that he possessed by virtue of state law and made possible only because the defendant was clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677, 679 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973); *Breaux v. Public Defender 15th Judicial District*, 2012 WL 1712574, *1-2 (W.D. La. 2012). Thus, they are generally not subject to suit under § 1983.

Plaintiff alleges that his court-appointed attorney, Sixteenth Judicial District Public Defender Michael Craig Colwart, violated his constitutional rights by failing to keep his file from Williams' criminal prosecution which occurred in 2001, over ten years ago. *See State v. Williams,* 815 So.2d 908, 910-911 (La. App. 3rd Cir. 2002), *writ denied*, 836 So.2d 59 (La. 1/31/03) (opinion on direct appeal, noting that Williams was convicted of aggravated burglary and second degree kidnaping in January 2001, for which he was sentenced on January 31, 2001 as a second felony offender to a total of forty-five years imprisonment). That file was apparently destroyed prior to Williams' request for the file, in accordance with the policy of the Public Defender's Office after the case had been closed for ten years.

In accordance with the above jurisprudence, Williams has failed to show that Colwart is a state actor or that he was acting under color of law at the time he allegedly violated plaintiff's rights. Plaintiff's civil rights claim against Colwart should therefore be dismissed for failing to state a claim upon which relief may be granted.

**Sixteenth Judicial District Public Defender's Office**

Williams has also named the Public Defenders Office as a defendant herein. However, the Public Defenders Office is not an entity that can be sued under Louisiana law, nor is the Public Defender's Office capable of being sued under 42 U.S.C. § 1983 as the Office is not a "person" under the statute and case law which defines that term. *Montgomery v. City of Lake Charles*, 2011 WL 887910, *2 (W.D. La. 2011) *citing Foster v. Orleans Parish Public Defendants Office*, 2011 WL 446031, *2 (E.D. La. 2011) and *Fondol v. Orleans Parish District Attorney Office*, 2008 WL 4891238, *2 (E.D. La. 2008); *Fondol*, 2008 WL 4891238 at *2-3 *citing Burge v. Parish of St. Tammany*, 1997 WL 10243, *8 (E.D. La. 1997), *aff'd in part*, 187 F.3d 452 (5th Cir. 1999), *Zapata v. Public Defenders Office*, 252 Fed. Appx. 237, 2007 WL 3104864, *2 (10th Cir. 2007) (New Mexico public defender's office is not a "person" amenable to suit under § 1983), *Johnson v. Georgia*, 2007 WL 2594177, *2 (M.D. Ga. 2007) (same as to public defender's office in Georgia), *Steed v. Delohery*, 1998 WL 440861, *1 (S.D. N.Y. 1998) (county district attorney's office is not a legal entity capable of suing or being sued under New York law), and *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. 1996) (same under Texas law). *See also Amir–Sharif v. Dallas County Public Defenders Office*, 233 Fed. Appx. 364 (5th Cir. 2007) (holding that court appointed counsel and Public Defenders Office are not state actors for § 1983 purposes); *Johnson v. Louisiana,* 2009 WL 1788545 (W.D. La. 2009) (holding that public defender and Public Defenders Office are not state actors when representing their indigent clients).

Accordingly, Williams' civil rights claim against the Public Defenders Office should be dismissed for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

**Heck v. Humphrey**

Williams also alleges that as a result of the destruction of evidence procured and used in his 2001 criminal trial that he is entitled to repeat DNA testing and latent fingerprint analysis, that Colwart provided him ineffective assistance during his 2001 criminal proceeding and that Detective David Landry committed perjury at his 2001 criminal trial. [*See* rec. doc. 9].

Even if Williams had stated a claim against either of the defendants, to the extent that Williams seeks monetary damages from the defendants in connection with his state criminal proceeding, which resulted in his convictions for aggravated burglary and second degree kidnaping and forty-five year sentence[2], his claims are barred under the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

---

[2] *See State v. Williams,* 815 So.2d 908, 910-911 (La. App. 3rd Cir. 2002), *writ denied*, 836 So.2d 59 (La. 1/31/03).

declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Williams' claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentence imposed therein. Williams does not contend that his convictions or his total forty-five year sentence have been reversed, expunged, or declared invalid. To the contrary, the published jurisprudence demonstrates the opposite. *See State v. Williams,* 815 So.2d 908, 910-911 (La. App. 3rd Cir. 2002), *writ denied*, 836 So.2d 59 (La. 1/31/03). Furthermore, no federal court has issued a writ of *habeas corpus*.

While Williams suggests that his aggravated burglary and second degree kidnaping convictions and resulting sentence are invalid and unconstitutional, Williams stands convicted, and his convictions were, in part, the result of the alleged complained of illegal

and unconstitutional actions of the defendants. Thus, it is clear that if this court were to grant Williams the damages he seeks, that ruling would necessarily implicate the validity of Williams' convictions and sentence. Accordingly, Williams' claims, which are directed at the validity of his criminal prosecution and resulting convictions and sentence, are barred by *Heck*. The claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### *Habeas Corpus* Relief

Finally, to the extent that Williams' allegations may be construed as challenging his confinement or as seeking an immediate or earlier release from confinement, such claims must be raised by petition for *habeas corpus* relief under the provisions of 28 U.S.C. § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). Therefore, these claims, raised in the context of this § 1983 action, must be dismissed for

failing to state claims for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

Moreover, even if this Court were to construe the instant action as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254, dismissal would still nevertheless be appropriate. It is clear that the petition would be time-barred by the federal one-year limitation period set forth in 28 U.S.C. § 2244(d), which period generally runs from the date that the conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final years ago, well after the one-year limitation period expired. *See Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1077 at fn. 3 (2003). Moreover, there is no evidence or jurisprudence suggesting that the limitation period was tolled during the entire ten years since these convictions became final. *See* 28 U.S.C. § 2244(d)(2).

Nor is Williams entitled to equitable tolling of the limitation period. Williams has not shown "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace*, 544 U.S. at 418. Furthermore, the circumstances faced by Williams were not extraordinary, rare or exceptional so as to provide a basis for equitable tolling.

Finally, even if the action had been timely filed, it does not appear that petitioner has properly or timely exhausted state court remedies before filing the instant action. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1).

Williams apparently presented his claim against Colwart to the Louisiana Attorney Disciplinary Board.[3] However, that does not constitute exhaustion of state court remedies for purposes of § 2254. Thus, this Court could not entertain the action because of Williams' failure to exhaust. In sum, even if plaintiff's Complaint may be liberally

---

[3]The Board rejected petitioner's claim because Williams' request for his file "came . . . almost ten years after the matter had been closed" and the file had accordingly been destroyed in accordance with the policy of the Public Defender's Office. Thus, the Board found that Colwart "cannot produce that which no longer exists." [rec. doc. 1-1, pg. 27]. Williams' subsequent appeal to the Louisiana Supreme Court was not considedred pursuant to La. S.Ct. Rule XIX, § 11(A). *In re Appeal of the Decision of the Disciplinary Board No. 12-admin-1067*, no. 2013-08-0764 (La. 5/3/2013). [rec. doc. 1-1, pg. 30].

construed as a petition for federal *habeas corpus* relief, the Complaint would still be subject to dismissal since plaintiff has not exhausted his state court remedies as it does not appear that he has fairly presented his federal claims to the Louisiana Supreme Court in a timely and procedurally correct manner.

For the foregoing reasons;

**IT IS RECOMMENDED that** this action be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with 28 U.S.C. § 1915A(b)(1), and alternatively, that the defendants' Motion to Dismiss [rec. doc. 3] be **GRANTED** on grounds that Williams has failed to state a claim for which relief may be granted**.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)  days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,***

**79 F.3d 1415 (5th Cir. 1996).**

  **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 7th day of August, 2013.

  August 7, 2013, Lafayette, Louisiana.

_____<br>
C. MICHAEL HILL<br>
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 8/7/2013
By: MBD